UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00021

**Alex Adams,**
*Plaintiff,*

v.

**Bobby Lumpkin et al.**
*Defendants.*

**ORDER**

 Plaintiff Alex Adams, a prisoner within the Texas prison system proceeding pro se, filed this civil-rights lawsuit against defendant Bobby Lumpkin, among others, pursuant to 42 U.S.C. § 1983. This case was referred to United States Magistrate Judge K. Nicole Mitchell. The magistrate judge issued a report recommending that plaintiff's lawsuit be dismissed, without prejudice, for plaintiff's failure to comply with an order of the court. Doc. 20. The magistrate judge determined that plaintiff failed to comply with the order directing him to submit the requisite $402.00 filing fee. Doc. 13. Plaintiff's filings showed that he was not indigent at the time he filed this lawsuit and therefore could not proceed *in forma pauperis*. Plaintiff filed timely objections to the report. Doc. 21.

 Plaintiff contends that he no longer has his stimulus check and no longer has the funds to submit the filing fee. He further objects to the dismissal of this lawsuit on this basis. When timely objections to a magistrate judge's report and recommendation are filed, the court reviews them de novo. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996).

 The objections are overruled. Despite being granted an extension of time, plaintiff did not submit the filing fee as ordered. To the extent that he maintains that his lawsuit cannot be dismissed because he depleted his prison funds, such claim is without merit. When a district court considers whether a prisoner

may proceed *in forma pauperis*, "[t]he relevant inquiry is the state of the inmate's finances at the time of filing." *Miller v. Hardy*, 497 F. App'x 618, 620 (7th Cir. 2012) (unpublished) (citing *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997)). At some later date, an inmate's "current poverty would not authorize continuation of the [lawsuit], if he had the resources to comply with the statute at the time the Act called for payment." *Robbins*, 104 F.3d at 898.

Thus, "an inmate litigant who spends his money on other things after filing a complaint may not proceed" without paying his fees as ordered by the court, and "an inmate who attempts to evade paying fees may forfeit the privilege of proceeding IFP so as not to profit from his deception." *Miller*, 497 F. App'x at 620–21. If a prisoner has the financial ability to pay a fee "and instead spends his money on amenities at the prison canteen, he cannot be excused" for failing to pay, and the failure "may result in the dismissal of a prisoner's civil action." *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003); *see also Baker v. Suthers*, 9 F. App'x 947, 950 (10th Cir. 2001) (unpublished) (upholding district court's dismissal wherein the prisoner had spent the required funds at the prison commissary); *Lumbert v. Ill. Dep't. of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) (affirming dismissal for failure to submit filing fee when the record demonstrated that the prisoner-plaintiff chose to "use his money for other purposes").

Here, the record reflects that when plaintiff filed his lawsuit and his motion for leave to proceed *in forma pauperis* contemporaneously, he failed to submit his prison data sheet. The magistrate judge issued a deficiency order, and plaintiff subsequently filed his data sheet. Doc. 7.

The data sheet revealed that plaintiff possessed funds in which to submit the filing fee—and, importantly, was not indigent. Doc. 7-1. Because plaintiff possessed the funds at the time he filed the lawsuit—and then chose to spend it on other items rather than his litigation—he failed to comply with the court's order directing him to submit the filing fee, and his objections are without merit.

Having reviewed the magistrate judge's report de novo, the court accepts the findings and recommendations. Plaintiff's objections (Doc. 21) are overruled, and plaintiff's civil-rights lawsuit is dismissed, without prejudice, for the failure to comply with an order of the court. All pending motions are denied.

*So ordered by the court on August 18, 2022.*

J. CAMPBELL BARKER
United States District Judge